Maryem Muradi, Esq. (SBN 244783)
MSM LAW CORPORATION
3900 Newpark Mall Road, Ste. 315
Newark, CA 94560
Telephone: (510) 791-3881
Facsimile: (510) 509-3305
Attorney for Plaintiff Sultan Waziri

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**MR. SULTAN WAZIRI,** a citizen of the United States of America and resident of the state of California,

Plaintiff,

v.

**MRS. LAILA WAZIRI**, a citizen of Toronto, Ontario, Canada,

Defendant,

No.__

**COMPLAINT FOR BREACH OF CONTRACT, SECURITIES FRAUD AND UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

## PARTIES

1. Plaintiff Sultan Waziri is a citizen of the United States of America and a resident of the state of California. He is the brother of the Defendant.

2. Defendant Laila Waziri is a citizen of Toronto, Ontario, Canada and is the sister of the Plaintiff.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a) as the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue in this District is appropriate under 28 U.S.C. § 1391 as Sultan Waziri is a resident of this District.

## FACTUAL ALLEGATIONS
## INVESTING IN CANADIAN REAL ESTATE

5. Beginning in early 2004, Plaintiff Sultan Waziri was approached by Defendant Laila Waziri ("Laila") regarding new developments that she and her husband Farid Waziri ("Farid") were participating in as investors.

6. At the time they informed Plaintiff that they had already remitted a deposit on a property ($10,000 – $15,000) but subsequently decided that they did not need "that house" in lieu of a larger house. They offered to transfer the house to Plaintiff which would allow them (Farid/Defendant) to build a larger house.

7. Plaintiff subsequently invested $110,000 of his personal capital and borrowed the balance required to complete the building of the Property.

8. During this period of time, and at the Defendant's request, Defendant was given Power of Attorney ("POA") on the Property by Plaintiff.

9. The construction of the Property was completed within six (6) months of the parties entering into a verbal agreement and Plaintiff's transfer of the funds (still in 2004). Once the construction was completed, Plaintiff rented the house using Defendant as the manager.

Page | 2   COMPLAINT FOR BREACH OF CONTRACT SECURITIES FRAUD AND UNJUST ENRICHMENT

10. Through 2006 Plaintiff did not receive any proceeds from the Property that had previously been constructed and subsequently rented out by Defendant for Plaintiff.

11. Later that year, Defendant contacted Plaintiff to request a POA so that she could sell the Property. She further stated in this discussion that she would "reinvest" the proceeds collected from the sale into new investments.

12. In 2007 a POA prepared by an attorney retained by Defendant was forwarded to Plaintiff who lives in the U.S. In this POA Defendant is identified wrongly as Plaintiff's sister, in fact she is his niece (her mother and Plaintiff are siblings).

13. Several months later, when Plaintiff inquired about the Property being sold, he was informed by Defendant that the house had been sold and that she would keep the proceeds therefrom because, as she stated "Plaintiff owed Farid $100,000 from an unrelated Arizona investment".

14. Although it is unclear when the Property was sold, Plaintiff estimates that Defendant profited a minimum of $200,000 from the sale of the Property.

15. In 2009, Plaintiff purchased a condo in Toronto. The purchase was funded through a loan and $100,000 of Plaintiff's personal capital that was used as the down payment. The lien against the property was for $150,000.

16. In 2011 Plaintiff gave Defendant a POA for the condo with the intention that Defendant would sell the condo. A few weeks later, Plaintiff contacted Defendant to inform her that he changed his mind and did not want the condo sold. Defendant agreed not to sell the condo and informed Plaintiff that the tenant who rented the condo had "destroyed it".

17. Without Plaintiff's knowledge, and against his requests, Defendant sold the condo and failed to report the sale to Plaintiff or distribute any of the proceeds from the sale to him.

18. When contacted by Plaintiff regarding the proceeds from the sale of the condo Defendant said that Plaintiff owed her husband money and for that reason she would not remit any of the proceeds from the sale of the condo to him (Plaintiff).

19. Soon after the foregoing conversation with Defendant, her husband: Farid, asked to borrow $50,000 from Plaintiff which he ultimately loaned him in reliance on promises and

Page | 3    COMPLAINT FOR BREACH OF CONTRACT SECURITIES FRAUD AND UNJUST ENRICHMENT

other misrepresentations made by Defendant and her husband.

20. The attorney representing Defendant in the condo matter received a deposit in the amount of $29,816 which was the last deposit made. This deposit came from a business operating account owned by Plaintiff and the Defendant's husband.

21. In February 2014 Plaintiff traveled to Ontario to check on the various investments that had been made with Defendant. He was informed by Defendant's husband that no profits had been generated. However no bank statements, tax returns or other documentation were shown to Plaintiff to support these statements.

22. As of June 30, 2015 Plaintiff has never received any proceeds from any of the investments that he had made to that point, nor had he received any of the invested capital back or documentation that would show his ownership in the properties.

23. Plaintiff recently found himself facing financially difficult times that caused him to resort to driving a cab in order to support himself. Being aware of his circumstances, Defendant has continued to refuse to repay any of the capital that was previously invested by Plaintiff or any of the proceeds from the rental or sale of any of either of the properties or to remit the $50,000 loan that was made to Defendant's husband.

24. Defendant engaged in a fraudulent enterprise beginning with her first discussion with Plaintiff. The outcome illustrates that Defendant's intentions throughout were to defraud and otherwise steal Plaintiff's capital and reinvest it in her and her husband's enterprises.

25. Defendant and her husband operated in concert to defraud and otherwise engage in the ongoing theft of Plaintiff's capital. Defendant provided false and misleading information as well as individually and in concert denied Plaintiff of access to the books and records associated with the various enterprises that Plaintiff invested in.

26. Defendant's fraudulent receipt of revenue generated as a result of the rental of the original Property and her subsequent conversion of that capital as a result of her failure to remit any of these funds to Plaintiff have allowed her to continue to reinvest and wrongfully build a significant revenue stream and asset base.

27. Defendant fraudulently sold the original Property, netting approximately

Page | 4    COMPLAINT FOR BREACH OF CONTRACT SECURITIES FRAUD AND UNJUST ENRICHMENT

$200,000, and refused to remit any of the proceeds to Plaintiff. Even when construed in a light most favorable to Defendant, the fact that the amounts that she claimed were owed to Plaintiff is one half the amount approximated to have been earned by Defendant through the sale is further indication of Defendant's malicious intent. Defendant's continued possession of Plaintiff's capital that was derived from this sale is wrong and further harms Plaintiff.

28. Each and every time that Defendant requested and received a power of attorney from Plaintiff she used his trust and the contractual power bestowed upon her to further her fraudulent activities. The issuance of the POA related to the original Property led to the sell and fraudulent conversion of the proceeds from the Property. The issuance of the POA for the condo led to the sale of the condo which Defendant was fully aware contradicted Plaintiff's wishes. In so doing Defendant violated her fiduciary responsibility as the Power of Attorney and subsequently engaged in further fraudulent activity as she attempted to conceal her actions.

29. Defendant has caused Plaintiff irreparable harm in actual capital as well as the loss of opportunities to increase his capital base through further investments and returns therefrom.

30. The transactions that were presented to Plaintiff and fraudulently managed by Defendant represent more than a decade of continuous fraudulent activities perpetrated against an unsuspecting and giving person. For his charity, Plaintiff has received little more than excuses and outright refusals to repay his investment capital or any portions of the returns generated therefrom. Acting as a co-conspirator, Farid Waziri actually requested and received a $50,000 loan after his wife Defendant refused to repay Plaintiff any portions of the capital previously invested.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

31. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 31 above and incorporates them by reference.

32. Plaintiff entered into both written and verbal agreements with the Defendant throughout the course of their dealings. As a result of Defendant's statements to Plaintiff,